IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CEASAR RUSSI, <br> (TDCJ #01928516) <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent. | §§§§§§§§§§§§§ | CIVIL ACTION NO. 4:18-cv-0732 |

## MEMORANDUM OPINION AND ORDER

Ceasar Russi, a Texas state inmate, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, to challenge his 2014 state-court convictions for aggravated robbery and aggravated assault.[1] The respondent, Lorie Davis, has answered with a motion for summary judgment, arguing that Russi is not entitled to the relief he seeks.[2] Russi has filed a response, objecting to the respondent's arguments and requesting an evidentiary hearing.[3]

Based on careful consideration of the pleadings, the motions, the record, and the applicable law, this Court finds that there are no genuine factual disputes material to deciding the claims and that the respondent is entitled to summary judgment as a matter of law. The reasons are explained below.

---

[1] Docket Entry No. 1.
[2] Docket Entry No. 12.
[3] Docket Entry No. 16.

## I. Procedural Background and Claims

Russi is in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ) as the result of state-court felony convictions for aggravated robbery with a deadly weapon and aggravated assault with a deadly weapon in Harris County Cause Numbers 1307885 and 1307886. On May 7, 2014, following a jury trial, the jury sentenced Russi to a 60-year prison term for the aggravated robbery offense and a 20-year prison term for the aggravated assault offense, to run concurrently. Russi filed a motion for new trial, which the court denied after a hearing.

The Fourteenth Court of Appeals of Texas affirmed Russi's convictions on direct appeal. *Russi v. State*, Nos. 14-14-00397-CR, 14-14-00398-CR, 2016 WL 1444040 (Tex. App.—Houston [14th Dist.] April 12, 2016). The Texas Court of Criminal Appeals refused discretionary review. *Russi v. State*, Nos. PD-0527-16, PD-0528-16. (Tex. Crim. App. Oct. 19, 2016).

Russi filed applications for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, challenging his convictions. On June 6, 2018, the Court of Criminal Appeals denied the applications without a written order. *Ex parte Russi*, Application Nos. 88,442-01 to -02.

In his federal habeas petition, executed on March 4, 2018, Russi raises the following grounds for federal habeas relief:

1. The trial court erred in denying Russi's motion for new trial when trial counsel failed to call a readily available alibi witness.

2. Trial counsel rendered ineffective assistance because he failed to object to impermissible judicial comment on the weight of the evidence during jury deliberations.

3. Appellate counsel rendered ineffective assistance because he failed to request a rehearing on the ground that the appellate court applied the wrong standard of review.[4]

Each claim and argument is analyzed against the record and the applicable legal standards.

## II. Factual Background

The statement of facts is taken from the Texas Court of Appeals opinion affirming Russi's convictions.

> According to the State's evidence, around 5:30 a.m. on May 25, 2011, appellant approached Zoila Quintanilla's vehicle as she was pulling into her driveway. Appellant had a gun and pulled Zoila out of the vehicle. She began screaming for help, and her brother, husband, and son came out of the house. Zoila's husband, Pedro German, pulled appellant out of the vehicle, and appellant fled on foot. German got into the driver's seat, Isaias Quintanilla, Zoila's brother, got into the passenger seat, and Sergio Zacarias, Zoila's son, got into the backseat. They followed appellant and spotted him hiding in some brush near their home. As they drove up, appellant came out of the brush, grabbed onto the vehicle, and fired multiple shots, striking Isaias once in the forehead.
>
> Then, appellant crossed the street, and German again followed him. While Zacarias ran home to call the police, German attempted to stop appellant, but he ran away. After the police arrived at the scene and Isaias was taken away in an ambulance, a forensic sketch artist met with Zoila, German, and Zacarias separately. The police then canvassed the neighborhood with the resulting sketch, receiving tips that led them to the apartment complex where appellant resided. Once the police had identified appellant as a suspect, they placed his photo into a photo lineup. When presented with the photo lineup separately on the day after the incident, Zoila and German each positively identified appellant, and Zacarias tentatively identified appellant.
>
> Isaias survived his wound but suffered severe, and likely permanent, injuries. At trial, Zoila, Zacarias, and German described the event, again identifying

---

[4] Docket Entry No. 1, at 6–7; Docket Entry No. 11.

3

appellant. Appellant called Carlesha Rossi, appellant's sister, as his sole witness. Rossi testified that at the time of the charged offenses, appellant was at Rossi's apartment.

A jury convicted appellant of both aggravated robbery and aggravated assault. The jury assessed punishment at sixty years' confinement for aggravated robbery, twenty years' confinement for aggravated assault, and a $10,000 fine.

Appellant filed a motion for new trial arguing, among other things, that he received ineffective assistance of counsel. The trial court held a hearing and denied appellant's motion for new trial.

*Russi*, 2016 WL 1444040, at *1.

### III. The Applicable Legal Standards

Russi's petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state-court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a

legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.* at 102–03 (emphasis added; internal citations omitted).

AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330–31. This presumption extends not only to express findings

of fact, but to the implicit findings of the state court as well. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted).

The respondent has moved for summary judgment. Summary judgment is proper when the record shows "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). However, a court on summary judgment must view the evidence through "the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254. Congress, through AEDPA, has constricted both the nature and availability of habeas review. This Court, therefore, applies general summary judgment standards only insofar as they do not conflict with the language and intent of AEDPA. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Finally, Russi is a *pro se* petitioner. *Pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This

Court broadly interprets Russi's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

## IV. Discussion

### A. The Claim of Trial-Court Error

In his first ground for relief, Russi alleges that the trial court abused its discretion in denying his motion for new trial. Russi argues that he was entitled to a new trial because trial counsel rendered ineffective assistance by failing to call a readily available alibi witness.[5]

Federal courts have held that a state court's denial of a motion for new trial does not necessarily constitute a violation of a federal constitutional right. *Haygood v. Quarterman*, 239 Fed. App'x 39, 42 (5th Cir. 2007) (citing *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991)). For a petitioner's claim to proceed, he must establish that the denial of the motion for new trial violated some specific constitutional right. Here, Russi argues that the trial court's denial of his motion for new trial violated his right to the effective assistance of counsel as well as his due-process right to a fair trial.

---

[5] To the extent Russi may also assert a standalone claim that trial counsel was ineffective for failing to call an available alibi witness, the respondent correctly argues that the claim is unexhausted and procedurally barred from federal habeas review. Russi did not raise this ineffective-assistance claim in either his petition for discretionary review or his state habeas applications. Because Russi could have raised this claim on state habeas review, a successive state habeas application raising this claim in state court would be barred by the Texas abuse-of-the-writ statute. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2000) ("[I]f a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred then there has been a procedural default for purposes of federal habeas corpus relief.").

The Fourteenth Court of Appeals thoroughly reviewed and rejected Russi's claim of trial-court error on the merits. Because the Texas Court of Criminal Appeals denied relief without a written order, this Court considers the intermediate appellate court's decision as "the last reasoned opinion" on Russi's claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–06 (1991) (federal courts "look through" an unexplained state court denial to evaluate the last reasoned state-court decision). In considering Russi's claim of trial-court error, the state appellate court found as follows:

> In appellant's first issue, he contends the trial court erred in denying his motion for new trial based on ineffective assistance of counsel. In the motion, appellant alleged that counsel rendered ineffective assistance by failing to call an available alibi witness to testify during the guilt-innocence phase.
>
> We review a trial court's denial of a motion for new trial under an abuse-of-discretion standard. *Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014). A trial judge abuses its discretion in denying a motion for new trial when no reasonable view of the record could support its ruling. *Id.* To determine whether the trial court abused its discretion, we view the evidence in the light most favorable to the trial court's ruling, and defer to the trial court's credibility determinations. *State v. Thomas*, 428 S.W.3d 99, 104 (Tex. Crim. App. 2014).
>
> To establish ineffective assistance of counsel, a criminal defendant must prove by a preponderance of the evidence that (1) his trial counsel's representation was deficient in that it fell below the standard of prevailing professional norms and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). Failure to show either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Strickland*, 466 U.S. at 697.
>
> A criminal defense lawyer has the responsibility to conduct a legal and factual investigation and to seek out and interview potential witnesses. *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). An appellant who complains about trial counsel's failure to call witnesses must show the

witnesses were available and that appellant would have benefitted from their testimony. *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *Perez v. State*, 403 S.W.3d 246, 252 (Tex. App.—Houston [14th Dist.] 2008), *aff'd* 310 S.W.3d 890, 897 (Tex. Crim. App. 2010). The decision to call a witness is generally a matter of trial strategy. *Joseph v. State*, 367 S.W.3d 741, 744 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). However, an attorney is ineffective if the failure to seek out and interview potential witnesses precludes the accused from advancing a viable defense. *State v. Thomas*, 768 S.W.2d 335, 336–37 (Tex. App.—Houston [14th Dist.] 1989, no pet.).

In the motion for new trial, appellant asserted that his trial counsel was ineffective because counsel failed to call an available alibi witness, but appellant did not identify any such witness. However, in support, appellant submitted affidavits from his sister, Carlesha Rossi, and his girlfriend, LeSadia Harden, relative to the complaint about failure to call an alibi witness. At trial, Rossi testified as an alibi witness, while Harden was present but not called to testify. In an affidavit submitted in response to this motion, trial counsel explained that he considered the testimony of the two witnesses (Rossi and Harden) to be inconsistent and made a strategic decision in choosing whom to call. After a hearing, the trial court found that counsel's decision not to call Harden was strategic and did not qualify as deficient performance.

The affidavits submitted by appellant reflect that Harden was a potential alibi witness and would have testified that appellant was at his sister's apartment at the time of the charged offenses. However, we defer to the trial court's decision to believe that trial counsel made a strategic determination that Harden's testimony would not benefit appellant. Further, trial counsel's failure to call Harden as a witness did not preclude appellant from advancing a viable defense; trial counsel was still able to advance appellant's defense that he did not commit the offense and was elsewhere at the time through Rossi's testimony. *See Joseph*, 367 S.W.3d at 744. We conclude the trial court did not abuse its discretion in finding that trial counsel was not ineffective and denying appellant's motion for new trial. We overrule appellant's first issue.

*Russi*, 2016 WL 1444040, at *1–2 (internal footnote omitted).

Based on this record, Russi fails to show that the trial court improperly denied his motion for new trial. Nor does Russi show that the state court's decision rejecting his claim of trial-court error was contrary to, or involved an unreasonable application of, clearly

9

established federal law, and he does not meet his burden of proof under AEDPA. *See Williams*, 529 U.S. at 409.

## B. The Claim of Ineffective Assistance of Trial Counsel

Russi alleges he was denied effective assistance at trial because counsel failed to object to the trial court's response to the jury's note requesting an explanation of concurrent sentencing. Russi asserts that the court's response constituted impermissible judicial comment on the weight of the evidence during jury deliberations.[6] In rejecting this claim on state habeas review, the state court necessarily found that Russi failed to demonstrate that trial counsel provided constitutionally ineffective assistance. The record supports the state court's decision.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

---

[6] Docket Entry No. 1, at 6; Docket Entry No. 11, at 7–11.

10

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.* A petitioner must "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693.

Russi's ineffective-assistance claim was rejected by the state habeas corpus court. As a result, the issue is not whether this Court "'believes the state court's determination' under the *Strickland* standard 'was incorrect but whether the determination was

11

unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)). In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123 (citation omitted). Thus, this standard is "doubly deferential" on habeas corpus review. *Id.*; *see also Richter*, 562 U.S. at 105 (emphasizing that the standards created by *Strickland* and § 2254(d) are "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted).

Russi alleges that trial counsel failed to object to the trial court's response to the jury's note requesting an explanation of concurrent sentencing. "[C]ounsel is not required to make futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). The "failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (where petitioner complained of trial counsel's failure to object to the admission of extraneous offenses even though unadjudicated extraneous offenses generally are admissible at penalty phase of capital murder trial); *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) (failure to make frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (counsel cannot be deficient for failing to press a frivolous point).

While "the trial court ordinarily provides instructions to the jury in their entirety before the jury retires to deliberate, the court may give further written instructions upon the jury's written request for additional guidance regarding applicable law." *Lucio v. State*,

353 S.W.3d 873, 875 (Tex. Crim. App. 2011) (citing Tex. Code Crim. Proc. art. 36.16 (providing that court may give "further charge" to jury upon jury's request after parties finish closing arguments)). "When the trial court responds substantively to a question the jury asks during deliberations, that communication essentially amounts to a supplemental jury instruction, and the trial court must follow the same rules for impartiality and neutrality that generally govern jury instructions." *Id.*; *see United States v. Stanford*, 805 F.3d 557, 568 (5th Cir. 2015) ("A district court's response to a jury note is considered a jury instruction.") (citation omitted). The jury charge's sole purpose "is to instruct the jurors on all of the law that is applicable to the case." *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012).

The record shows that during punishment deliberations, the jury sent a note to the court asking about concurrent sentencing, and the trial court responded in accordance with the applicable section of the Texas Penal Code. *Russi*, 2016 WL 1444040, at *3; *see also* Docket Entries No. 13-19, at 61; No. 13-28, at 53–57. Specifically, the jury's note asked the court to "explain concurrent sentencing." *Id.* The trial court responded, as follows:

> Dear Jurors,
>
> Our law provides that when an accused is found guilty of more than one offense arising out of the same criminal episode—prosecuted in a single trial, a sentence for each offense for which he has been found guilty shall be pronounced.
>
> The sentences in these two cases shall run "concurrently"—that is, they run together.
>
> They do not run "consecutively,"—that is, they are not "stacked" which means that a person who is sentenced to consecutive sentences has to complete serving one sentence before he begins serving the next.

*Id.* Both the State and trial counsel agreed that this language tracks the relevant sentencing statute. *Id.*; *see also* Tex. Penal Code §§ 3.01(1), 3.03(a). Contrary to Russi's assertions, the record does not show that the trial court expressed any opinion as to the weight of the evidence. Because the court's response tracked state law, any objection counsel could have raised would have been without merit. Under these circumstances, Russi cannot demonstrate that trial counsel was deficient for failing to object.

Nor does Russi demonstrate prejudice. The Fifth Circuit applies a modified *Strickland* approach when analyzing claims of ineffective assistance of counsel during the sentencing phase, holding that "a court must determine whether there is a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been *significantly* less harsh." *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993) (emphasis in original). In determining that "significance" in this sentencing context, the "prejudice" must be rather appreciable before a new trial is warranted in view of counsel's error. *Id.* at 88, n.4. In making this determination, the Court should consider four factors: (1) the actual amount of the sentence imposed on the defendant; (2) the minimum and maximum sentences possible; (3) the relative placement of the sentence actually imposed within that range; and (4) the various relevant mitigating and aggravating factors that were properly considered by the sentence. *Id.* at 88–89.

Here, Russi was sentenced to a 20-year prison term for the offense of aggravated assault. Under the Texas Penal Code, aggravated assault is a second-degree felony with a potential sentencing range of not more than 20 years or less than 2 years. Tex. Penal Code

14

§§ 12.33, 22.02. Russi was also sentenced to a 60-year prison term for the offense of aggravated robbery. Under the Texas Penal Code, aggravated robbery is a first-degree felony with a sentencing range of life or for any term of not more than 99 years or less than 5 years. Tex. Penal Code §§ 12.32, 29.03. Thus, Russi received the maximum sentence for the aggravated-assault offense, while his sentence for the aggravated-robbery offense fell in the middle of the sentencing range.

As summarized by defense counsel in his closing argument at punishment, Russi's mitigating factors included that he was young and attending college, had no previous felony convictions, and did not have a history of violence or unlawful carrying of weapons. In contrast, the aggravating factors the State presented, as summarized in the State's closing argument at punishment, included the following: Russi "picked up" four felony offenses in the span of 2 years; the aggravated-assault victim "can barely feed himself, he can't dress himself, he can't play with his children," and he needs care from his family for the rest of his life; and "multiple shots were fired." Additionally, the son of the aggravated robbery victim testified at punishment that his mother has changed since "a gun was put to her head," stating that "she gets very nervous really fast," and "if she sees something bad, she starts to shake." He further testified that neither she nor his father sleep well "[b]ecause as soon as they hear a noise or the dogs barking outside, they wake up really fast and start getting nervous, start looking out the window and stuff." He also testified that his family rarely goes out because of the care his uncle—the aggravated assault victim—now requires.

In light of this record, Russi fails to demonstrate that but for counsel's actions, his sentence would have been significantly less harsh. Absent a showing of deficient

15

performance or actual prejudice, Russi fails to demonstrate a valid claim of ineffective assistance of trial counsel. To the extent that the state court rejected his claim, Russi does not show that this decision was unreasonable under the doubly deferential standard of review. He is not entitled to federal habeas corpus relief on his ineffective-assistance-of-trial-counsel claim.

## C. The Claim of Ineffective Assistance of Appellate Counsel

In his remaining ground for relief, Russi alleges that appellate counsel failed to file a motion for rehearing in connection with the appellate court's determination that Russi failed to preserve error on his complaint regarding improper judicial comment.

A claim of ineffective assistance on appeal is governed by the above-referenced test set out in *Strickland*, which requires the defendant to establish both constitutionally deficient performance and actual prejudice. *See Smith v. Murray*, 477 U.S. 527, 535–36 (1986) (applying *Strickland* to a claim of ineffective assistance of counsel on appeal). To establish that appellate counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover non-frivolous issues and raise them. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). If the defendant succeeds in such a showing, then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." *Id.*

A reasonable appellate attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful.

16

*Strickland*, 466 U.S. at 690–91. However, the Constitution does not require an appellate attorney to advance every conceivable argument, regardless of merit. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985). Where an attorney fails to adequately brief an issue on direct appeal, the petitioner must show initially that the appeal would have had, with reasonable probability, a different outcome if the attorney adequately addressed the issue. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001) (citing *Jones v. Jones*, 163 F.3d 285, 302 (5th Cir. 1998)). The petitioner must then show that the deficient performance led to a fundamentally unfair and unreliable result. *Dovalina*, 262 F.3d at 475 (citing *Goodwin v. Johnson*, 132 F.3d 162, 176 (5th Cir. 1997)).

Russi asserts that counsel should have filed for rehearing on the ground that the appellate court resolved his claim regarding allegedly improper judicial comment under the wrong standard of review. According to Russi, the court should have applied the standard of review for jury-charge error, instead of overruling the issue for failure to preserve. Contrary to Russi's assertions, he did not raise a claim of jury-charge error before the appellate court. Instead, he argued that the trial court violated Article 38.04 of the Texas Code of Criminal Procedure by impermissibly commenting on the weight of the evidence to the jury by responding to a jury note during deliberations. Additionally, even construing Russi's claim as one of jury-charge error, he fails to demonstrate an entitlement to relief because the record does not show that the alleged error resulted in egregious harm. *See Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (when there is no objection to the error at trial, the court will not reverse for jury-charge error unless the record shows egregious harm). Because Russi is not entitled to relief on the underlying

17

claim, he cannot demonstrate that appellate counsel was ineffective for failing to file a motion for rehearing.

Absent a showing of deficient performance or actual prejudice as a result, Russi fails to demonstrate a valid claim of ineffective assistance of appellate counsel. Nor does Russi demonstrate that the state court's rejection of this claim was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. The respondent is entitled to summary judgment on this claim.

## V.     No Evidentiary Hearing is Required

Russi has requested an evidentiary hearing on his claims. Whether to hold an evidentiary hearing is governed by 28 U.S.C. § 2254(e)(2). Whether to conduct an evidentiary hearing is within the district court's discretion. *See Williams v. Taylor*, 529 U.S. 420, 436 (2000) (Congress intended "to avoid unneeded evidentiary hearings in federal habeas corpus" proceedings); *Robinson v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999). Under this statute, if an applicant "failed to develop the factual basis of a claim in State court proceedings," then the federal habeas corpus court may hold a hearing if:

(A)   the claim relies on—

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)–(B). An evidentiary hearing is not required if there are "no relevant factual disputes that would require development in order to assess the claims." *Robinson*, 151 F.3d at 268. This Court has been able to resolve all issues raised in this case by referring to the pleadings and the state-court record. Russi's request for an evidentiary hearing is denied.

## VI. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because Russi has not made the required showing, this Court will not issue a certificate of appealability.

## VII. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment, (Docket Entry No. 12), is **GRANTED**.

2. Russi's objections and request for an evidentiary hearing, (Docket Entry No. 16), are **DENIED**.

3. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

4. Any and all pending motions are **DENIED** as moot.

5. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on     SEP 2 3 2019    .

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE